# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:00CR00005 |
| ) | |
| ) | **OPINION** |
| v. ) | |
| ) | |
| **ANTHONY JAMILLE LEWIS**, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*C. Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia, for United States; Anthony Jamille Lewis, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.[1]

I will overrule the government's objections.

The government's objections may be divided into two groups. First, the government emphasizes the conduct underlying the offense, including the amount of

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the Sentencing Commission's policy on retroactivity. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to any reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* USSG § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

crack for which the defendant was responsible. Second, the government points to the defendant's criminal history.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible and whether the defendant possessed a firearm during the offense. In this case, the defendant's was held responsible for 2.4 kilograms of crack cocaine, the amount put forth by the government at sentencing. The Presentence Investigation Report did not recommend an enhancement for use of a firearm and the government did not file an objection to that omission at the original sentencing.

With regard to the defendant's criminal history, the guidelines also provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category III and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

A separate judgement will be entered.

                               Dated: March 10, 2008

                               /S/ JAMES P. JONES
                               Chief United States District Judge

- 3 -

Case 1:00-cr-00005-JPJ   Document 88   Filed 03/10/08   Page 3 of 3   Pageid#: 38